```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MICHAEL WALRATH | : | CIVIL ACTION |
| v. | : | |
| MELISSA SELFRIDGE, et al. | : | NO. 23-3053 |

MEMORANDUM

Bartle, J.                                               May 15, 2024

Before the Court is the motion of plaintiff Michael Walrath for reconsideration and clarification of the declaratory judgment order and findings of fact and conclusions of law entered on April 15, 2024 (Doc. # 51).

Walrath, a minority shareholder and former officer of Defendant USA Coil & Air, Inc., ("USA Coil"), has sued USA Coil and its two other shareholders, Melissa Selfridge and Brian Cosgrove. Walrath brings a number of claims, including a claim for declaratory relief that the restrictive covenant contained in the shareholder purchase agreement is invalid.

The court, after discovery, conducted an evidentiary hearing on Walrath's motion for declaratory relief. It thereafter made findings of fact and conclusions of law and entered a declaratory judgment (Docs. #43, #44). It held that the restrictive covenant was valid with one court-imposed modification.

Walrath seeks reconsideration of the court's finding concerning the amount he would be paid for his stock if he competes with USA Coil within three years after his termination and the amount he would be paid if he does not compete. Plaintiff contends these numbers should not be deemed a final and binding calculation. A motion for reconsideration is properly granted only when at least one of the following conditions is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [entered the declaratory judgment]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

In determining whether a restrictive covenant is valid, the court must balance Walrath's right to make a living in his chosen profession against the right of Defendants to protect their legitimate business interests. See Sidco Paper Co. v. Aaron, 351 A.2d 250, 254 (Pa. 1976); Wellspan Health v. Bayliss, 869 A.2d 990, 996 n. 2 (Pa. Super. 2005). At the evidentiary hearing, defendants introduced into evidence that Walrath would be paid $638,602 over ten years for his stock if he does not compete versus $441,530 over 10 years if he does compete. The payout to Walrath is clearly a relevant factor in

the weighing of the competing interests of Walrath and Defendants and in determining an equitable result with respect to the restrictive covenant.  Significantly, Walrath never objected to this evidence at the hearing either as to its relevance, to the accuracy of the numbers, or on any other basis.  Whatever challenges he may have to such evidence and to the Court's finding with respect to his remaining claims where he has demanded a jury trial, he is now too late with respect to his claim for declaratory relief.

Walrath also argues in support of his motion for reconsideration that the financial offset of the restrictive covenant constitutes an unenforceable penalty.  This offset is authorized by the Cross-Purchase Agreement executed by Walrath and the other shareholders of USA Coil after extensive negotiations and discussions.  Again, Walrath never objected to the offset number introduced by defendants.  His argument is without merit.  See Geisinger Clinic v. Di Cuccio, 606 A.2d 509, 518 (Pa. Super. 1992). He is also too late at least with respect to his claim for declaratory relief.

Plaintiff has not demonstrated that any of the grounds for reconsideration articulated by our Court of Appeals is present here.  See Max's Seafood Café, 176 F.3d at 677.  Accordingly, Walrath's motion for reconsideration will be denied.